UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDELL ORANGE                           CIVIL ACTION NO. 11-cv-1848

VERSUS                                   JUDGE HICKS

DEPARTMENT OF CORRECTIONS, ET AL    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Randell Orange ("Plaintiff") is a self-represented inmate housed at the David Wade Correctional Center. His complaint alleges that on April 2, 2011 he complained to an officer that he had not received a fresh jumper. This led to an argument of sorts between Plaintiff and two officers, Jermaine Moore and Markequis Ferguson. Plaintiff alleges that when an orderly arrived with cleaning supplies for Plaintiff, Moore jerked the supplies out of Plaintiff's hand, which injured Plaintiff's fingers. Moore then sprayed cleaning liquid in Plaintiff's eyes, mouth, and face. Plaintiff contends that Moore later fabricated a statement that Plaintiff had spit on him, which was followed by a superior officer having Plaintiff delivered to the lobby in full restraints and sprayed with pepper spray, after which Plaintiff was placed in a cell with no mattress for 30 days and limited to food loaf for seven days. Plaintiff named as defendants Moore, Ferguson, and several other defendants.[1]

_____

[1] Plaintiff has another action pending in which he alleges a similar incident (sprayed with chemical agent while in full restraints, placed in a cell with no mattress or clothing for 30 days, and limited to food loaf for seven days) occurred in December 2011. That case has survived summary judgment, and the filing of pretrial statements has been

Before the court are a number of motions.  Defendants have filed an Motion for Summary Judgment (Doc. 72) in which they argue that (1) several defendants should be dismissed because the allegations against them are beyond the scope of the administrative grievance exhausted by Plaintiff and (2) there are not sufficient allegations to state claims against seven supervisory defendants who were not personally involved in the incident. Plaintiff has filed his own Motion for Summary Judgment (Doc. 62) as to liability, a Motion for Default Judgment (Doc. 64) in which he complains that Defendants did not obey a court order to preserve video evidence, and a Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 68) in which he requests a transfer to another prison because of recent threats by an officer to use chemical spray.  For the reasons that follow, Plaintiff's motions should be denied, and Defendants' motion should be granted.

**Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff's claims against many of them must be dismissed because the claims are beyond the scope of the administrative grievance filed by Plaintiff. The defense is based on the provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The statute requires proper

---

ordered. <u>Orange v. LeBlanc</u>, 12 CV 2889.  Plaintiff has also filed a new suit in which he complains that officials at Allen Correctional Center took his gold teeth/crowns, and one of the officers sold them. <u>Orange v. Geo Group</u>, 14 CV 0806.

exhaustion in accordance with prison or jail procedures.  Woodford v. Ngo, 126 S.Ct. 2378 (2006).  Its reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force.  Porter v. Nussle, 122 S.Ct. 983 (2002).

The grievance procedure for state prisoners is set forth in Louisiana Administrative Code, Title 22, Part I, § 325.  It is a two-step process that begins with a letter or grievance sent to the warden in which the prisoner briefly sets out the basis for his claim and the relief sought.  An inmate who is dissatisfied with the first-step response may appeal to the secretary of the Department of Public Safety and Corrections.  If the prisoner is not satisfied with the secretary's response, he may file suit.

The only grievance presented by Plaintiff with respect to this incident was DWCC-11-0372.  Plaintiff complained in his step-one grievance that on April 2, 2011 at approximately 5:25 a.m. he asked Sgt. J. Moore for a fresh jumpsuit because his was dirty due to sweating in the cell.  Plaintiff wrote that he "made a statement towards his work partner" and told Moore to "tell his work partner I'm not to be played with.  I don't play with no officers."  He continued, "Because when it get real, I'll turn him into bacon."  Plaintiff wrote that Moore then went to his work partner, Sgt. Ferguson, and the men returned to the tier.  Ferguson wore gloves and had a jumpsuit in his hand.  Plaintiff alleged that a few words were exchanged that "deteriorated the situation," and the two officers stood in front of his cell for about 15 minutes and exchanged derogatory statements with Plaintiff.

Plaintiff concluded his grievance by alleging that a night orderly arrived with cleaning supplies and was handing them to Plaintiff when Sgt. Moore "grabbed the handle and yanked it out of my hand then sprayed me (2) to (4) times in the face and chest area." Plaintiff added that the "camera can show what you need" regarding the "unprofessional activity." The grievance did not name any other officers or refer to any other incidents.

Plaintiff's grievance was accepted, and an investigation was conducted. Sgt. Ferguson made a written statement that he did go to the tier to give Plaintiff a clean jumpsuit. He said he had on a pair of latex gloves for sanitary reasons. He denied that at any point he acted unprofessionally. "I gave offender Orange the jumpsuit and processed off the tier." Deputy Warden Angie Huff wrote the first-step response in which she referenced the written statement from Ferguson. She wrote that Sgt. Moore had been off duty for an extended time and was not able to respond. Huff did not mention video evidence or whether she had sought to obtain review of potentially relevant video recordings. She did say there was no "documentation" of any type to suggest that Plaintiff's claims were valid, and there was no verifiable evidence or information to discredit the statement of the officer. The grievance was, accordingly, denied.

Plaintiff sought step-two review and stated in his reasons that Sgt. Moore had sprayed him in the face with cleaning supplies and "the camera can prove what I said is facts." The secretary's designee issued a written response that mentioned Ferguson's statement, the lack of contrary "documentation," and the lack of evidence to substantiate the allegations. The request for relief was denied.

The Fifth Circuit has instructed that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials time and opportunity to address complaints internally.  "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the law suit."  Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004).

In assessing which defendants were within the scope of a grievance, Johnson observed that the grievance is not a summons and complaint, but it "must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem."  Johnson, 385 F.3d at 522.  However, a grievance may sufficiently identify a person even by a functional description (such as the guards in the shower room on a certain date).  Id. at 522-23.

Plaintiff's sole grievance in support of this civil action mentioned only two defendants, Moore and Ferguson, and described only a single incident—the argument in N-2 D tier with the officers that ended with Moore allegedly spraying Plaintiff in the face and chest with cleaning solution.  Plaintiff expanded those allegations in his judicial complaint to include (1) an allegation that Ferguson later made a false charge that Plaintiff spit on him, (2) allegations about an incident that allegedly happened more than 12 hours after the grieved event when a different officer (Major Rawson) sprayed Plaintiff with chemical spray in a

different area of the prison (N-4), and (3) complaints about his placement in segregation in N-4 C tier and the conditions he encountered in that cell.

His grievance did not give prison officials a fair opportunity to address the issues beyond the single incident described in the grievance. There was no way for prison officials to know that they should investigate an alleged false claim of spitting, an incident involving Major Rawson that happened several hours after the events described in the grievance, or the conditions in Plaintiff's cell after he was placed in segregation. Those things were not mentioned in or even hinted toward in Plaintiff's grievance. The grievance also did not mention any defendant's name other than Ferguson and Moore. Accordingly, Plaintiff did not properly exhaust his administrative remedies with respect to any claims except the alleged incident with Moore and Ferguson in which the men argued and Moore allegedly sprayed cleaning supply on Plaintiff. All of Plaintiff's complaints about other matters, and all other named defendants, must be dismissed for lack of proper administrative exhaustion.

**Supervisor Defendants**

Secretary LeBlanc, Warden Goodwin, Assistant Warden Huff, Jamie Fussel, Earl Benson, James Arnold, and Lonnie Nail ask for summary judgment on the alternative grounds that they are mere supervisory officers who are not alleged to have had any personal involvement in the incidents. Their names appear only in the caption of the complaint and in a list of "Additional Defendants."

Supervisory officials cannot be held liable under Section 1983 for the actions of subordinates, such as Moore and Ferguson, on any theory of vicarious or respondeat superior

liability.  Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

Plaintiff complains that Assistant Warden Huff and Secretary LeBlanc did not look for video

evidence before ruling on Plaintiff's grievance, but an inmate does not have a protected

liberty interest in having a grievance resolved to his satisfaction.  Geiger v. Jowers, 404 F.3d

371, 374 (5th Cir. 2005).   If Plaintiff can show that video evidence was available and

ignored, it may help him undermine the credibility of the investigation at trial, but it does not

give rise to a freestanding claim. These supervisor defendants are entitled to summary

judgment for these reasons, as well as for lack of proper exhaustion of a claim against them.

**Motion for Injunctive Relief**

After the motions for summary judgment were filed, Plaintiff filed a Motion to

Request a Temporary Restraining Order or Preliminary Injunction.  He alleged that in April

2014 Captain Bruce Young threatened to use chemical agents on him.  Plaintiff alleged that

he filed a grievance regarding the incident, but the warden did not answer it.  Plaintiff, who

says he will be released from prison next year, also alleged that his mail is being tampered

with.  He asked the court to order officials to transfer him to another facility.  To obtain the

relief he seeks, Plaintiff would have to show, among other things, a substantial likelihood of

success on the merits.  Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

The April 2014 incident is beyond the scope of this civil action, which is focused on

events that took place in 2011.  Plaintiff would need to file a new civil action to assert a

claim against Captain Young.  Even if the claim were considered in this case, Plaintiff likely

cannot state an actionable claim based on a threat of use of chemical agent.  Mere threats or

verbal harassment do not amount to a constitutional violation.  <u>Orange v. Ellis</u>, 348 Fed. Appx. 69, 72 (5th Cir. 2009); <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983). Furthermore, a prisoner has no protected right under the Constitution to be housed in any particular facility or to be transferred from one prison to another, even if life in one prison may be much more disagreeable than in another.  <u>Taylor v. Tanner</u>, 2013 WL 5781707, *6 (E.D. La. 2013).  Plaintiff has not met his heavy burden of showing entitlement to any form of preliminary injunctive relief.

**Sua Sponte Dismissal of Ferguson**

Plaintiff is proceeding in forma pauperis.  Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss a pauper complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. Marquekis Ferguson has not moved for summary judgment on the merits, but the statute warrants the dismissal of all claims against him.

Plaintiff alleges that Ferguson relayed to Moore Plaintiff's complaint about not receiving a fresh jumper. Plaintiff accuses Ferguson of then joining Moore in arguing with Plaintiff, but mere threats or verbal harassment do not amount to a constitutional violation. <u>Orange</u>, 348 Fed. Appx. at 72; <u>McFadden</u>, 713 F.2d at 146. Plaintiff does not allege that Ferguson ever touched him, sprayed him, committed any other assault on him, or had an opportunity to stop Moore from spraying Plaintiff with cleaning fluid.  Plaintiff has not, therefore, alleged an actionable claim against Ferguson.  All claims against Ferguson should be dismissed.

**Motion for Default Judgment**

The incident at issue in this case occurred in April 2011.  Plaintiff filed a request (Doc. 8) with the court more than a year later, in September 2012, that the court order the preservation of video evidence.  The court issued an order (Doc. 9) that DWCC officials preserve any video of the alleged incident from April 2, 2011.  The case was still under initial review, so the defendants had not been served or made an appearance through counsel.  The court directed the clerk of court to serve a copy of the order on Assistant Attorney General Sherlyn Shumpert, who at the time defended most DWCC cases in this division.

Plaintiff demands default because of his perception that Defendants did not obey the order.  He points to his discovery request in which he asked for a copy of video footage and received objections, based on confidentiality and safety reasons, to producing any such video.  Defendants respond that Ms. Shumpert had, after the order was issued, contacted the undersigned's law clerk and advised that prison officials reported that security camera footage was usually kept for approximately 30 days and, due to limited server storage capacity, then overwritten.  As a result, there was no video footage available for the incident that was alleged to have taken place more than 18 months before the court issued its order.

Plaintiff complains that the evidence must be stored on a disk and that there was no written evidence of the communication to the law clerk.  He contends that prison officials destroyed video evidence to cover up their actions.  Plaintiff is not entitled to a default judgment based on his arguments.  Ms. Shumpert did contact the law clerk and provide the information as described above.  The court does not have sufficient facts before it to

determine whether that information is correct or whether there is any merit to Plaintiff's continued assertion that the evidence is either available or was available and has been destroyed.  He will be able to fully explore those issues during his cross-examination of witnesses at trial.

**Plaintiff's Motion for Summary Judgment**

Plaintiff filed a Motion for Summary Judgment (Doc. 62) which began by requesting summary judgment as to the liability of "all defendants," but it then listed several defendants and did not include on that list Moore (or Ferguson).  The motion is supported by a declaration made pursuant to 28 U.S.C. § 1746 that does not mention the dispute that was the subject of the grievance but begins with the complaint that Major Rawson assaulted Plaintiff with chemical spray after Sgt. Moore fabricated a statement that Plaintiff spit on him.  The declaration goes on to discuss segregation conditions and the imposition of food loaf rations. Plaintiff represents that a state court charge against him for simple battery on a correctional officer (for the alleged spitting) was dismissed after video evidence showed Plaintiff did not spit on Moore.  Plaintiff's memorandum, also in the form of a Section 1746 declaration, alleges that Moore got mad at him during the initial confrontation and "sprayed me with germicide and bleach in the face and eyes."  Only this last statement is relevant to the exhausted claim.

Plaintiff bears the burden of proving his claims at trial.  To prevail on a motion for summary judgment, he must establish evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial.  <u>International Shortstop, Inc. v. Rally's, Inc.</u>,

939 F.2d. 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132,

146 (3d Cir. 1999).  All facts and inferences are viewed in the light most favorable to the

defendant, and all reasonable doubts are resolved in the defense's favor.  Puckett v.

Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990).

Defendants filed their own motion for summary judgment that raised the exhaustion

defense and attacked the claims against the supervisor defendants, but they did not file a

memorandum in opposition to Plaintiff's motion, address it within their own motion, or

submit any competent evidence denying or explaining the allegation of cleaner-spraying.

Despite the lack of proper opposition, the rather bare set of facts offered by Plaintiff

surrounding the incident with Moore is not sufficient to warrant summary judgment under

the multi-factor Eighth Amendment standard for excessive force.[2]  Furthermore, even if the

standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment

if it believes that "a better course would be to proceed to a full trial."  Anderson v. Liberty

Lobby, Inc., 106 S.Ct. 2505, 2513 (1986); Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995).

The undersigned believes that the best exercise of the court's discretion in these

---

[2]Whether an Eighth Amendment excessive force claim has been made out depends on whether the "force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 112 S.Ct. 995 (1992). The factors to be looked to include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response.  Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999).

circumstances is to deny the motion and require Plaintiff to prove his allegations to a jury by a preponderance of the evidence.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 62)**, **Motion for Default Judgment (Doc. 64)**, and **Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 68)** be **denied**.  It is further recommended that, based on the sua sponte action of the court and the granting of Defendants' **Motion for Summary Judgment (Doc. 72)**, all defendants except Jermaine Moore be dismissed.  The only remaining claim will be the allegation that Moore applied excessive force to Plaintiff during the April 2, 2011 incident.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2014.

Mark L. Hornsby
U.S. Magistrate Judge